**UNITED STATES of America,**
**Appellee,**

v.

**Donald EDWARDS, Appellant.**

No. 02–3068.

United States Court of Appeals,
District of Columbia Circuit.

Sept. 24, 2003.

Elizabeth Trosman, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Lisa Hertzer Schertler, Assistant U.S. Attorney, Roscoe Conklin Howard, Jr., U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Richard Seligman, Law Office of Richard Seligman, Washington, DC, for Defendant–Appellant.

Before EDWARDS, RANDOLPH, and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia, and was briefed and argued by counsel. It is

ORDERED and ADJUDGED that the judgment of the District Court is hereby affirmed.

Appellant was convicted on one count of bribery and acquitted on a second. His primary defense was that he lacked the requisite intent and that he was entrapped. He asserts three grounds for appeal.

First, appellant argues that the District Court erred in admitting certain "other crimes" evidence that should have been excluded under Federal Rules of Evidence 404(b) and 403. This argument fails. The disputed evidence was highly probative of the defendant's intent and predisposition (the central disputed issues

in the case). Furthermore, it is noteworthy that the District Court issued a limiting instruction charging the jury not to consider the evidence for any purpose other than intent or predisposition. On this record, we can find no abuse of discretion, much less the "grave abuse" required for reversal of a balancing determination under FRE 403. *See United States v. Long*, 328 F.3d 655, 662 (D.C.Cir.2003).

■ Second, appellant argues that the District Court erroneously permitted the prosecutor to ask guilt-assuming hypothetical questions on cross-examination of the defendant's because guilt-assuming hypothetical questions are not error in this circuit. *See United States v. White*, 887 F.2d 267, 274–75 (D.C.Cir.1989) (stating that cross-examination of witnesses who give their own opinion of the defendant's character with hypotheticals assuming guilt is not error).

■ Finally, appellant argues that the District Court's jury instruction on the entrapment defense impermissibly shifted the burden of proof from the prosecutor to the defendant, confused the jury, and incorrectly stated the definition of "inducement." The jury instruction largely repeated the Redbook instruction, save for two relevant alterations. First, the District Court added a statement that "it is the defendant's burden to produce some evidence, *not burden of proof*, but to produce some evidence that the Government induced him to commit the crime of bribery." Trial Tr. at 130 (Mar. 21, 2002) (emphasis added). This instruction accurately captures the law of the circuit that the defendant bears a burden of production on the inducement issue. *See, e.g., United States v. Glover*, 153 F.3d 749, 754 (D.C.Cir.1998). Moreover, the instruction, read as a whole, makes it clear to the jury that the prosecution always retains the burden of proof beyond a reasonable doubt as to the elements of the crime and the

defendant's predisposition. Viewing the instruction in its entirety, the cited language should not have confused the jury about the relevant burdens. The other alteration to the Redbook instruction added the statement that inducement is "conduct that would or could overbear a law abiding citizen's desire or will to obey the law." Trial Tr. at 130 (Mar. 21, 2002). Again, this instruction accurately captures the law of the circuit describing the elements of an entrapment defense. *See United States v. Kelly*, 748 F.2d 691, 697 (D.C.Cir.1984). Appellant argues that this statement equates inducement with duress; but again, viewed in its entirety, the instruction does not leave this impression. Rather, the instruction described the many forms inducement might take, such that it is clear it need not rise to the level of duress.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.